IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(AT LOUISVILLE)

JANE E. MARSHALL     PLAINTIFFS
5115 Forest Grove Place
Prospect, Kentucky 40059-9679

and

Case Number: 3:16-CV-40-CRS

WILLIAM F. MARSHALL
5115 Forest Grove Place
Prospect, Kentucky 40059-9679

v.

EQUIFAX INFORMATION SERVICES, LLC     DEFENDANT
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

      SERVE:    CSC-Lawyers Incorporating Service Co.
                       421 W. Main St.
                       Frankfort, KY 40601
                       (BY CERTIFIED MAIL)

** ** ** **

## VERIFIED COMPLAINT

Come the Plaintiffs, Jane E. Marshall and William F. Marshall, and for their Verified Complaint against the Defendant, Equifax Information Services, LLC ("Equifax"), state as follows:

## I. PRELIMINARY STATEMENT

1. This is an action for negligence, defamation, and violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq., arising out the Defendant's false reporting of and Defendant's failure to investigate Plaintiffs' disputes regarding an alleged federal tax lien.

## II. PARTIES

2. Plaintiff, Jane E. Marshall, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 5115 Forest Grove Place, Prospect, Kentucky 40059. Mrs. Marshall is the spouse of Plaintiff, William F. Marshall.

3. Plaintiff, William F. Marshall, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 5115 Forest Grove Place, Prospect, Kentucky 40059. Mr. Marshall is the spouse of Plaintiff, Jane E. Marshall.

4. Plaintiffs are "consumers" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

5. Defendant, Equifax, is a is a corporation organized under the laws of the State of Georgia with its principal place of business located at 1550 Peachtree Street N.W., Atlanta, Georgia 30309.

6. Equifax is a consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

7. Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III. JURISDICTION

8. This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Jefferson County, Kentucky as a result of the Defendants doing business in Jefferson County, Kentucky.

### IV. FACTUAL BACKGROUND

9. In or around April 2006, the United States filed joint property tax liens against Plaintiffs in the approximate total amount of $106,000.00.

10. In August 2015, Plaintiffs, who were in the process of attempting to secure mortgage financing, discovered that the property tax liens were reporting on their respective Equifax credit reports and disputed Equifax's reporting of the tax liens.

11. In September 2015, Plaintiffs received Equifax's dispute results. Those results falsely indicated that three (3) of Plaintiff, Jane E. Marshall's federal tax liens were non-existent and/or were not reporting to Equifax. As to Plaintiff, William F. Marshall, Equifax falsely reported that five (5) of Mr. Marshall's tax liens were non-existent and/or were not reporting to Equifax.

12. Equifax's false reporting and its failure to investigate Plaintiffs' disputes have damaged Plaintiffs in that Plaintiffs have been denied credit and/or have been forced to pay a high rate of interest for credit due to the Equifax's failure to properly investigate Plaintiffs' disputes.

### V. CLAIMS

#### Negligence – Equifax

13. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 12 as if fully set forth herein.

14. Equifax's failure to properly investigate Plaintiffs' disputes and its consequent

failure to remove the Plaintiffs' joint property tax liens from Plaintiffs' Equifax credit reports, despite Plaintiffs' lawful notice to Equifax disputing the joint property tax liens, was negligent. In failing to properly investigate Plaintiffs' disputes of the joint property tax liens, Equifax breached its duty to Plaintiffs to thoroughly investigate any and all credit reporting disputes and acted with conscious disregard for the rights of the Plaintiffs.

15. Equifax's negligent failure to properly investigate Plaintiffs' disputes of the joint property tax liens and its consequent failure to remove the joint property tax liens reporting from Plaintiffs' Equifax credit reports has caused, and continues to cause damages to Plaintiffs, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiffs' credit ratings, and other compensatory and consequential damages.

16. Equifax's failure to properly investigate Plaintiffs' disputes of the joint property tax liens and its consequent failure to remove the joint property tax liens from Plaintiffs' credit reports, despite Plaintiffs' lawful disputes to Equifax, was willful and wanton, entitling Plaintiffs to punitive damages therefor.

### Negligent Violation of the Fair Credit Reporting Act – Equifax

17. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 16 as if fully set forth herein.

18. Equifax's failure to properly investigate the disputed items and its consequent failure to remove the disputed items from Plaintiffs' credit reports is a violation of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

19. Equifax's failure to properly investigate the disputed items and its consequent failure to remove the disputed items from Plaintiffs' credit reports within a reasonable time following Equifax's receipt of Plaintiffs' disputes is a violation of Equifax's duties regarding

investigation of disputed items under 15 U.S.C. §1681i. Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiffs for Plaintiffs' actual damages, for statutory damages, and for Plaintiffs' attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Equifax

20. Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 19 as if fully set forth herein.

21. Equifax's failure to properly investigate the disputed items and its consequent failure to remove the disputed items from Plaintiffs' credit reports is a willful violation of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

22. Equifax's failure to properly investigate the disputed items and its consequent failure to remove the disputed items from Plaintiffs' credit reports within a reasonable time following Equifax's receipt of Plaintiffs' disputes is a willful violation of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

23. Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiffs for Plaintiffs' actual damages, for statutory damages, for punitive damages and for Plaintiffs' attorneys' fees.

WHEREFORE, Plaintiffs, Jane E. Marshall and William F. Marshall, respectfully demand the following:

1. Trial by jury on all issues so triable;

2. Judgment against the Defendants for statutory, compensatory, consequential and punitive damages;

3. For attorneys' fees and costs; and,

4. Any and all other relief to which Plaintiffs may appear to be entitled.

                                        Respectfully submitted,

                                        */David W. Hemminger*
                                        David W. Hemminger
                                        HEMMINGER LAW OFFICE, PSC
                                        616 South Fifth St.
                                        Louisville, KY 40202
                                        (502) 443-1060
                                        hemmingerlawoffice@gmail.com
                                        *Counsel for Plaintiff*

## **VERIFICATION**

I, Jane E. Marshall, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

                                        _____
                                        Jane E. Marshall

| | |
|---|---|
| COMMONWEALTH OF KENTUCKY | ) |
| | ) SS |
| COUNTY OF JEFFERSON | ) |

Subscribed, sworn to and acknowledged before me by Jane E. Marshall this ___ day of _____, 2015.

                                        _____
                                        Notary Public

                                        Commission expires:_____

## **VERIFICATION**

I, William F. Marshall, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
William F. Marshall

COMMONWEALTH OF KENTUCKY            )
                                    ) SS
COUNTY OF JEFFERSON                 )

Subscribed, sworn to and acknowledged before me by William F. Marshall this \_\_\_ day of _____, 2015.

_____
Notary Public

Commission expires:\_\_